UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

ALBERT M. COLE,

      Plaintiff,

      v.                               Case No. 2:09-CV-5

GREEN MOUNTAIN LANDSCAPING, INC.
and RICHARD LOWE,

      Defendants.

**OPINION and ORDER**

Defendants Green Mountain Landscaping, Inc. and Richard Lowe (collectively, "GML") move to dismiss two counts of Plaintiff Albert Cole's Amended Complaint for failure to state a claim upon which relief can be granted. (Docs. 12, 17).[1] GML asserts that the "vacation pay" portion of Count II of the Amended Complaint, which seeks compensation for Cole's accrued vacation pay, fails

---

[1] On January 8, 2009, Cole filed a Complaint for relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and pendent state claims against his former employer, GML. (Doc. 1). The Complaint stated four causes of actions. Counts I and III alleges that GML violated the FLSA by failing to pay Cole overtime wages, and for firing Cole in retaliation for making a complaint to the Vermont Department of Labor. Count II alleges that GML failed to pay Cole overtime wages and for a week of accrued vacation time in violation of Vermont law. Count IV alleges retaliatory discharge in violation of the common law and the public policies of the State of Vermont. On March 6, GML filed a Motion to Dismiss, challenging each cause of action (Doc. 12), and on March 18, Cole filed an Amended Complaint (Doc. 14), which mooted some of the issues raised by GML's Motion to Dismiss. The Amended Complaint alleges the same four causes of action as the Complaint. In its Reply, GML withdrew a number of its initial challenges. (Doc. 17).

1

to state a claim because such relief is not available under Vermont law.  GML also argues that Count III, which seeks compensation for retaliatory discharge under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), fails to state a claim because Cole failed to make a complaint under or related to the FLSA prior to his termination.

**FACTUAL BACKGROUND**

Beginning in 2003 and continuing through August 29, 2008, GML employed Cole on a seasonal basis from mid-April to mid-November.  In addition to his hourly wage, Cole's compensation included one week of paid vacation time.  It is unclear whether the parties had a written agreement governing the terms of Cole's employment, but viewing the facts in the light most favorable to Cole, the Court infers the presence of an agreement.  GML has not challenged the existence or form of its employment agreement with Cole.  Cole alleges that he was not paid for 110 overtime hours for each year prior to 2008, and sixty overtime hours in 2008. Cole also claims that in 2008 GML refused to provide him with his one week of paid vacation, as he had received in all previous years of his employment.

On August 18, 2008, Cole filed a complaint ("wage and hours complaint") with the Vermont Department of Labor alleging that GML refused to pay him his earned wages or allow him to take his paid vacation. Ex. 1, Pl.'s Am. Compl.  (Doc. 14-2).  On August

2

25, 2008, the Vermont Department of Labor served GML with a copy of Cole's wage and hours complaint, and requested that GML respond with certain records.  Cole claims that on August 29, 2008, Lowe told him that he was being fired for filing the wage and hours complaint, and would not be allowed to return unless he retracted it and apologized.  Pl.'s Am. Compl. at ¶ 32-33 (Doc. 14).  Cole's term of employment ended that day.  *Id.* at ¶ 11.

**DISCUSSION**

Under the Federal Rules of Civil Procedure a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 1950.

The FLSA is a federal statute which requires employers to meet certain labor requirements, such as minimum wages, maximum hours, and overtime pay.  The FLSA is intended to eliminate conditions that are detrimental to the maintenance of a minimum

3

standard of well-being, health and efficiency for workers. *See* 29 U.S.C. § 202. Vermont has parallel regulations outlined in the "Employment Practices" chapter of the Vermont Statutes Annotated. *See* Vt. Stat. Ann. tit. 21, §§ 301, *et seq.* (2008). While the "Employment Practices" chapter addresses provisions covered by the FLSA, such as minimum wages, overtime requirements and others, they are not entirely similar.[2] For example, the FLSA does not address required termination procedures, while Vermont law does, and Vermont law does not prohibit retaliatory discharge as broadly as the FLSA. Based on the different provisions of these statutes, Cole relies on each to allege separate claims arising out of the same series of events stated above.

**A. Accrued Vacation Time**

GML argues that neither statute Cole cites explicitly provides relief for withheld accrued paid vacation time owed to an employee at the time of termination. *See* Vt. Stat. Ann. tit. 21, section 342(c)(2) (2008); Vt. Stat. Ann. tit. 21, section 345a (2008). Section 345a states: "any employer who is party to a written agreement to provide benefits or wage supplements and fails to pay the amount required by the agreement: (1) shall be liable to the employee for actual damages caused by failure to

---

[2] The Vermont "Employment Practices" chapter is generally more exhaustive, addressing issues not covered by the FLSA, such as family leave and employee polygraph testing.

pay." It appears from the pleadings that section 345a does not apply because there is no allegation of a written agreement between the parties.

The second statute on which Cole relies, section 342(c)(2), provides that "[a]n employee who is discharged from employment shall be paid within 72 hours of his discharge." There is no case law discussing whether section 342(c)(2) covers accrued vacation time, and GML cites no case law to support their assertion that a terminated employee is not entitled to accrued vacation time.[3]

Whether section 342(c)(2) encompasses accrued vacation time is a question of statutory interpretation. The goal of statutory interpretation is to implement the Legislature's intent. *State v. Stell*, 937 A.2d 649, 653 (Vt. 2007). The Legislature's intent in codifying section 342(c)(2) was to ensure that workers are paid what they are owed in a timely manner, and as a remedial statute it must be liberally construed to effectuate that intent. *See, e.g., Stowell v. Action Moving & Storage, Inc.*, 933 A.2d

---

[3] GML's only cited support comes from "A Summary of Vermont Wage and Hour Laws" found on the Vermont Department of Labor's website. GML relies on a quote from the website: "An employer is not required to provide its employees with paid or unpaid holidays . . ., paid or unpaid sick leave . . ., paid or unpaid vacation time or severance pay when an employee leaves the business." Ex. 2, Defs.' Reply Mem. (Doc 17-3 at 6). This information, however, says nothing about what happens to an employee's accrued vacation time at termination. Accordingly, it offers little support for GML's reading of the statute.

5

1128, 1131-32 (Vt. 2007) Logically, it follows that if accrued vacation time is owed to a terminated employee, it must be paid.

The language of the statute also supports such a reading. In this case the relevant question is whether the word "paid" was intended to include accrued vacation time. When interpreting a statute the court should look the plain meaning of the language the Legislature used. *Stell*, 937 A.2d at 653. "Pay" is defined as "discharg[ing] a debt or obligation." *Merriam-Webster's Collegiate Dictionary* 851 (10th ed. 2000). This definition does not limit the form of debts that must be discharged. The plain meaning of section 342(c)(2) requires *all* employer debts to be discharged within seventy-two hours of termination, which includes accrued vacation time.

**B.  Retaliatory Discharge Under the FLSA**

GML argues that Cole's filing of a formal complaint with the Vermont Department of Labor should not qualify as an activity protected against retaliatory discharge under the FLSA. GML contends that only complaints made to the United States Department of Labor deserve FLSA protection. The FLSA provides that:

> [i]t shall be unlawful for any person- (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . .

29 U.S.C. § 215(a)(3).

6

The Second Circuit has held that formal complaints are protected under § 215(a)(3). *Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2nd Cir. 1993). In *Lambert*, the plaintiffs claimed that they were passed up for positions as a result of both sexual discrimination by the defendant, and in retaliation for past complaints to a supervisor about employment practices. *Id.* at 51. The court interpreted § 215(a)(3) and determined that, "[t]he plain language of this provision limits the cause of action to retaliation for *filing formal complaints,* instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor." *Id.* at 55. (citation omitted) (emphasis added). The court noted that the plaintiffs had only complained to their supervisor that their employer's practices were "not fair," and never explained in further detail their grievance. The court also found it significant that the plaintiffs' complaints were merely oral as opposed to filed claims. *Id.* at 55-56.

Here, Cole's wage and hours complaint to the Vermont Department of Labor was a filed formal written complaint alleging violations of the FLSA. Cole's complaint satisfies the Second Circuit's requirements for § 215(a)(3), and is easily distinguishable from the complaint in *Lambert* in its formality.[4]

---

[4] The Seventh Circuit has decided that formal complaints to state agencies are protected under § 215(a)(3). *See Sapperstein*

7

The FLSA should be read broadly in favor of coverage, since "[i]t is a remedial statute that has been construed liberally to apply to the furthest reaches consistent with congressional direction." *Monahan v. County of Chesterfield, Va.*, 95 F.3d 1263, 1267 (4th Cir. 1996)(citations omitted)(internal quotation marks omitted). GML's narrow reading of § 215(a)(3) would run contrary to the section's purpose of enhancing employer compliance with the entire FLSA, by allowing employees to come to officials with their grievances without the fear of economic retaliation. *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960). If an employee's official complaint to an appropriate state authority is unprotected, the section's goal of enhancing compliance with the FLSA would be weakened. In order to greater effectuate the purpose of § 215(a)(3), the Second Circuit has previously chosen to expand what constitutes protected activity. *See*, *e.g.*, *Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 879 (2d Cir. 1988) (holding that employees' refusal to return money guaranteed to them under the FLSA was a protected activity under § 215(a)(3), despite the fact that such actions are not explicitly listed in the section).

To support its contention that a formal complaint to a

---

*v. Hager*, 188 F.3d 852, 857 (7th Cir. 1999) (holding a plaintiff's complaint to the Illinois Department of Labor for violations of the FLSA satisfied the requirements of § 215(a)(3)).

state department of labor does not deserve protection, GML cites *Cannon v. Douglas Elliman*, No. 06 Civ. 7092(NRB), 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007). In *Cannon*, the court rejected the plaintiff's contention that a complaint to an attorney was enough to satisfy the requirements of § 215(a)(3). *Id.* at *6. GML also cites *Cici v. Wiz of Lake Grove, Inc.*, 267 F. Supp.2d 297, 300 (E.D.N.Y. 2003), where informal contact with the state labor board was determined not to be a protected complaint under § 215(a)(3). Both of these cases reaffirm the holding in *Lambert* that a general "complaint" will not suffice for purposes of § 215(a)(3). However, both cases are distinguishable from this case, which involves a filed formal complaint.[5]

GML also argues that Cole's wage and hours complaint only alleged violations of Vermont law and therefore was not "under or related" to the FLSA. However, the wage and hours complaint only lays out a complaint of employer misconduct. The wage and hours

---

[5] GML also relies heavily on *Lamont v. Frank Soup Bowl Inc.*, No. 99 Civ. 12482(JSM), 2001 WL 521815 (S.D.N.Y. May 16, 2001). *Lamont* involved a similar situation to Cole's; an employee was dismissed subsequent to the filing of a formal complaint with the New York State Department of Labor. *Id*. at *1. In *Lamont*, the court dismissed the plaintiff's FLSA retaliation claim because the enterprise was not engaged in interstate commerce, and therefore any possible violations would fall outside the FLSA. *Id.* at *4. In *dictum*, on which GML puts significant weight, the court offered alternatively that it is uncertain whether the plaintiff's complaint would satisfy § 215(a)(3) since it was made only to a state agency. *Id*. at *6. Here, as discussed above, the Court finds that Cole's written formal complaint satisfies the requirements under § 215(a)(3) and *Lambert*.

complaint does not assert which laws were being violated by GML, or attempt to distinguish between state and federal law, though the misconduct alleged would constitute violations of both. Ex. 1, Pl.'s Am. Compl. (Doc. 14-2). Since the wage and hours complaint alleges conduct in violation of the FLSA it should be considered under or related to the FLSA.

**CONCLUSION**

For the foregoing reasons the Court **denies** GML's Motion to Dismiss.

Dated at Burlington, in the District of Vermont, this 22nd day of July, 2009.

                                                           /s/ William K. Sessions III
                                                           William K. Sessions III
                                                           Chief Judge